# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 06cv00205 |
| | ) | 02: 02cr00144 |
| JACK C. ALTSMAN, | ) | |
| | ) | |
| Movant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 *(Document No. 43)*, with brief in support *(Document No. 51)*, and the government's brief in opposition *(Document No. 54)*.

On February 13, 2006, the court heard oral argument on the motion. Both parties were represented by counsel who presented and argued the issues skillfully and effectively. For the reasons that follow, the Motion will be denied.

### Background

On July 23, 2002, Movant Jack C. Altsman ("Altsman") was indicted by a Grand Jury and charged with one count of unlawful possession of a firearm in violation of Title 18, United States Code, § 922(g)(1). The Indictment also alleged that Altsman was subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[1]

---

[1] Specifically, the Indictment charged that Altsman, "after having been convicted on March 1, 1980, of Burglary at Criminal Number 83 of 1979, in the Court of Common Pleas of Beaver County, Pennsylvania; October 27, 1891, of Burglary at Criminal Number 15149, in the Court of Common Pleas of St. Louis County, Minnesota; and August 27, 1986, of Criminal Attempt at Criminal Number 337A of
(continued...)

On November 20, 2002, Altsman entered a plea of guilty to the Indictment pursuant to a plea agreement.

On December 22, 2002, the Probation Office issued its Presentence Investigation Report ("PSI") in which it concluded that all three of Altsman's prior convictions, as identified in the indictment, qualified as violent felonies under § 924(e)(2)(B)(i) and (ii) and, therefore, Altsman must be sentenced under ACCA.[2]

Counsel for Altsman objected to the PSI on the grounds, *inter alia,* that two of Altsman's prior convictions were not "crimes of violence" and, thus, did not qualify as predicates for ACCA.[3]

On February 14, 2003, the Court conducted an evidentiary hearing/argument on the issues of whether Altsman had sustained 3 prior convictions for a "violent felony" as defined by 18 U.S.C. § 924(e)(1) and whether Altsman was an Armed Career Criminal as set forth in Section 4B1.4 of U.S. Sentencing Guidelines. Specifically, Altsman argued that neither his 1981 conviction for burglary in St. Louis County, Minnesota, nor his 1986 conviction for

---

[1](...continued)
1893, in the Court of Common Pleas of Beaver County, Pennsylvania, which are crimes punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce the following firearm: a Remington, Model 760, 308 caliber rifle, serial number 606305." See Indictment, Document No. 4.

[2] The ACCA mandates a minimum 15-year sentenced for an Armed Career Criminal with three convictions for "violent felonies."

[3] Specifically, counsel argued that Altsman's convictions for the 1981 Burglary and the 1986 Criminal Attempt were not "crimes of violence."

criminal attempt (kidnaping) constituted a "violent felony" for purposes of 18 U.S.C. § 924(e)(1) and USSG § 4B1.4.

On April 14, 2003, the Court issued its Tentative Findings and Rulings in which it rejected both of Altsman's arguments. First, the Court noted that although the term "burglary" is not explicitly defined in ACCA, the United States Supreme Court has defined the term for purposes of a § 924(e) enhancement to include "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990); *see also United States v. Bennett*, 100 F.3d 1105 (3d Cir. 1996) (holding that for purposes of § 924(e), a burglary must have "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime").

The record evidence demonstrated that in 1981 Defendant pled guilty to burglary in violation of Minnesota statute 609.58, which describes the act of "burglary" as entering "a building without the consent of the person in lawful possession . . . ." Minn. Stat. § 609.58 subd.2. Title 18, United States Code, section § 924(e)(2)(B) specifically includes the crime of "burglary" among the enumerated offenses listed as a "violent felony." Accordingly, the Court found that the Probation Office correctly considered Defendant's 1981 conviction for burglary as a "violent felony."

Significant to the instant proceeding, the Court also rejected Altsman's argument that Criminal Attempt (kidnaping) is not a crime that has as an element the use, attempted use, or threatened use of physical force, nor does it otherwise involve conduct that presents a serious risk of physical injury to another. Noting that the exact same argument was rejected by the

Court of Appeals for the Sixth Circuit in *United States v. Kaplansky*, 42 F.3d 320 (6th Cir. 1994), this Court found that the reasoning of *Kaplansky* was consistent with the focus of the categorical approach, where the court is to look to the nature of the offense rather than individualized facts to determine whether the offense qualifies as a "violent felony," and that kidnaping is the "type" of offense where the risk of physical injury to the victim is invariably present. Therefore, the Court concluded that a crime committed under 18 Pa. C.S.A. § 2901, whether by force, threat of force, or deception, categorically qualifies as a "violent felony" under § 924(e)(2)(B)(ii).

On April 25, 2003, the Court sentenced Altsman to a term of imprisonment of 180 months, to be followed by three years of supervised release. On May 1, 2003, Altsman filed a Notice of Appeal, which was docketed by the Court of Appeals for the Third Circuit on May 12, 2003.

On appeal, Altsman argued one single issue, *to wit:* that his 1986 conviction for attempted kidnaping was not a "violent felony" under ACCA. On March 9, 2004, the appellate court issued its opinion in which it affirmed the judgment of sentence and stated that Altsman's argument "ignores the significance of the word 'potential' in clause (ii)'s definition of violent felony, i.e., a crime that 'involves conduct that presents a serious *potential* risk of physical injury to another.' " *United States v. Altsman,* 89 Fed. Appx. 357 (3d Cir. 2004). In conclusion, our appellate court agreed with the decision of the appellate court in *Kaplansky* that "attempted kidnaping categorically 'involves conduct that presents a serious potential risk of physical injury to another,' " and found that "Altsman's conviction for attempted kidnaping

was properly used as a predicate 'violent felony' for his sentence." *Altsman*, 89 Fed. Appx. at 361.

The mandate of the Court of Appeals issued on March 31, 2004, and Altsman did not seek *certioriari* in the United States Supreme Court. As a result, Altsman's conviction became final on June 29, 2004.

On June 28, 2005, Altsman timely filed the instant Motion to Vacate, Set Aside or Correct Sentence Pursuanty to 28 U.S.C. § 2255 in which he argues that his sentence under ACCA was imposed in violation of (i) his Sixth Amendment jury trial right and (ii) the separation of powers doctrine. The matter is ripe for disposition.

**Discussion**

A.        Sixth Amendment

Altsman argues that the Sentencing Court, in finding that the crime of attempted kidnaping was a violent felony within the meaning of ACCA, made factual findings about his criminal conviction for attempted kidnaping in violation of his Sixth Amendment rights. *See Sheppard v. United States,* -- U.S. ---. 125 S. Ct. 1254 (2005); *United States v. Booker,* -- U.S. ---, 125 S. Ct. 738 (2005); *Blakely v. Washington*, 542 U.S. --, 124 S. Ct. 2531 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000)*; Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

The Court finds Altsman's argument to be without merit. First, the Court did <u>not</u> rely upon any facts outside the indictment and guilty plea. (When the defendant's conviction is by way of a guilty plea, it is appropriate under *Taylor* to look to the indictment and guilty plea. *United States v. Kaplansky,* 42 F.3d 320, 322 (6th Cir. 1994) (citations omitted)). Following

5

the directives the United States Supreme Court enunciated in *Taylor,* the Court first looked to the statutory definition of kidnaping to determine whether that crime, as a category, involved a serious potential risk of physical injury.  *Taylor*, 495 U.S. at 600-02; *United States v. Richardson*, 313 F.3d 121, 125 (3d Cir. 2002).   The Pennsylvania kidnaping statute provides in relevant part:

> (b)  **Grading.**  - Kidnaping is a felony of the first degree.  A removal or confinement is unlawful within the meaning of this section if it is accomplished by force, threat or deception,  . . . .

18 Pa. C.S.A. § 2901.

Then, the Court looked to case law and found that the decision of the Court of Appeals for the Sixth Circuit in *Kaplansky* was directly on point with the issues raised by Altsman.  Further, *Kaplansky* was consistent with the focus of the categorical approach, where the court is to look to the nature of the offense rather than individualized facts to determine whether the offense qualifies as a "violent felony."  The appellate court in Kaplansky stated that:

> the essence of kidnapping is requiring another to do something against his or her will; and because physical force or restraint is usually the best way to overbear the will of another, physical force or threat of force is a latent, but more often actual, companion of the coercive element.  That deception may be used to effect the kidnapping does not erase the ever-present possibility that the victim may figure out what's really going on and decide to resist, in turn requiring the perpetrator to resort to actual physical restraint if he is to carry out the criminal plan.  Thus, the potential for violence against the victim is an inherent aspect of the crime of kidnapping . . . **Just because actual force or injury may not surface in a particular instance of kidnapping (i.e., in those instances initiated by deception) does not mean that it is not an undercurrent of the offense having the serious *potential* of rising to the surface.**

*Kaplansky,* 42 F.3d at 324 (emphasis added).

This Sentencing Court did not, nor did it intend to, make any <u>factual finding</u> about Altsman's 1986 attempted kidnaping conviction.  Rather, the Court employed a categorical approach, adopted the reasoning of the appellate court in *Kaplansky,* and determined that Altsman's attempted kidnaping conviction constituted a "violent felony" under ACCA.  The analysis undertaken by the Court is contained in the Tentative Findings and Rulings issued on April 14, 2004.  A review of those Tentative Findings and Rulings confirms that the sentencing court did not rely on the facts underlying the incident supporting the criminal information against Altsman for attempted kidnaping which were contained in the PSI.  Rather, the Sentencing Court employed a categorical approach when it concluded that  "that kidnapping is the 'type' of offense where the risk of physical injury to the victim is invariably present, . . . [and therefore] a crime committed under 18 Pa. C.S.A. § 2901, whether by force, threat of force, or deception, categorically qualifies as a "violent felony" under § 924(e)(2)(B)(ii)." Tentative Findings and Rulings, at ¶ 33.

For these reasons, the Court finds and rules that no violation of Altsman's Sixth Amendments right has occurred.

B.	<u>Separation of Powers</u>

Altsman also argues that his sentence under ACCA was imposed in violation of Article I, Section I of the United States Constitution, as it pertains to the separation of powers doctrine.

Initially, the Court notes that appellate courts have consistently upheld the constitutionality of ACCA.  *See United States v. Mack*, 229 F.3d 226 (3d Cir. 2000), *cert.*

*denied*, 532 U.S. 1045 (2001) (ACCA does not violate due process); *United States v. Craveiro*, 907 F.2d 260 (1st Cir.), *cert. denied,* 498 U.S. 1015 (1990) (same); *United States v. Baker*, 850 F.2d 1365 (9th Cir. 1988) (ACCA does not violate Eighth Amendment.)

The Court finds and rules that the instant case does not involve a violation of the separation of powers doctrine.  Section 924(e)(2)(B)(ii) simply does not create a new crime as Altsman argues.  Rather, it permits sentencing courts to interpret the law passed by Congress, an act exclusively within the province of Article III courts.  However, that interpretation is not without limits.  Instead, the sentencing court's interpretation is limited by the categorical approach mandated by *Taylor,* which approach the Court followed.

Thus, the Court finds and rules that no impermissible delegation of powers has occurred.

## Conclusion

For all the above reasons, the Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 will be denied.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  A certificate of appealability is issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, Altsman has failed to make such a showing.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 02: 06cv00205 |
| | ) | 02: 02cr00144 |
| JACK C. ALTSMAN, | ) | |
| | ) | |
| Movant. | ) | |

**ORDER OF COURT**

AND NOW, this 22nd day of February, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 filed by Jack C. Altsman is **DENIED.**

Further, it is hereby **ORDERED** that no certificate of appealability will be issued because the applicant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Margaret E. Picking,
        Assistant U.S. Attorney
        Email: margaret.picking@usdoj.gov

        Lisa B. Freeland,
        Federal Public Defender
        Email: lisa_freeland@fd.org